C. H. McCormick et al., plaintiffs in error, v. Lawrence Barry, defendant in error.

1. **Promissory Notes:** PLEADING: CONSIDERATION. A general averment in an answer to a petition on a promissory note, that the defendant "received no consideration" therefor, is controlled and completely nullified by a statement of facts and circumstances in the same answer showing that it is untrue, and that there was in fact a good and sufficient consideration.

2. ——: SUFFICIENCY OF ANSWER. An averment in an answer to such petition, that the note was given for a certain kind of " reaper and mower combined," but that the one received was in some respects different; and that the defendant, a year afterwards, " notified " the seller " *concerning said machine*," but omitting to state of what such notification consisted, is immaterial, and constitutes no defense.

ERROR to the district court of Boone county. Heard there before BARNES, J., upon demurrer to defendant's answer, which was overruled and judgment given for defendant.

*W. M. Robertson*, for plaintiff in error, cited 2 Kent's Commentaries, 479 and 480, and notes. *Edgerly v. Gardner*, 9 Neb., 130. *Russell & Co. v. Wohler*, 7 Neb., 468. *Parmlee v. Adolph*, 28 O. S., 15. *Byers v. Chapin*, 28 O. S., 301. *Rogers & Co. v. Niles & Co.*, 11 O. S., 52.

*Warren & O'Day*, for defendant in error, cited 1 Nash Pl., 148. Gen. Stat., 544, sec. 127. *Hayden v. Anderson*, 17 Iowa, 158. 1 Parsons on Notes and Bills, 175, 203.

LAKE, J.

The only question for our decision in this case is whether the demurrer to the answer was properly overruled. The petition was in a common form and upon certain promissory notes executed by the defendant to the plaintiffs, and purporting to have been for value received. On the part of the defendant it is insisted that the answer, taken as true, shows that there was no consideration for the notes, and considerable stress is laid upon the fact that, by the last clause of the answer, it is averred, "that said defendant has received no consideration for said notes." By reference, however, to preceding portions of the answer, we find a statement of facts showing the circumstances under which the notes were made and delivered, which must be taken in connection with that particular averment of want of consideration, and which we think completely nullifies it, and shows it to be in fact untrue.

From the answer it appears that the notes, although

bearing date of July 1, 1874, were not in fact executed until the following November. It also thus appears that in July of that year the defendant had contracted with an agent of the plaintiffs for the purchase "of a certain machine, known as the McCormick advance reaper and mower." That instead of this description of machine the plaintiffs, by their agent, on the fourteenth of July, 1874, delivered one consisting "of part of an Advance reaper and part of a prize mower," which the defendant retained. Whether he used it through that season does not appear.

Thus matters stood until November, when the plaintiffs, through an agent, demanded from the defendant his promissory notes in payment for the machine delivered in July, and he gave them on the promise being made by the agent that he "would receive and take back all that part that did not belong to said machine, and would deliver all the balance necessary to make said machine a perfect advance reaper and mower combined, and put the same in good running order before the time for using it in 1875," all of which he failed to do.

But, notwithstanding these omissions on the part of the plaintiff's agent, no damage appears to have resulted to the defendant. For aught that is alleged the machine, as it was when originally received by the defendant, and when the notes were given, was just as valuable and equally well adapted to the purposes for which it was intended as it would have been with the proposed changes made. No loss or damage is alleged as resulting from the failure to put the machine "in good running order," nor is it even charged that it was out of order.

Taking the whole answer together, we think a good and sufficient consideration for the notes is shown, and that the particular averment of a want thereof

must be taken only as equivalent to saying: "In view of the foregoing facts and circumstances it follows that the defendant has received no consideration for said notes." It is no more than the expression of an opinion upon the legal effect of the facts and circumstances which are particularly set forth.

Some reliance seems to be placed also upon the disposition of the machine made finally by the defendant. On this point the answer states that the "defendant, in July, 1875, delivered all parts of said machine received from said plaintiff to one Lewis Warren, to be delivered to said agent, John D. Hale, and that said Lewis Warren notified said agent personally and by letter, as per request of said defendant, that said machine was subject to his order, and to return to defendant his said notes. That said Lewis Warren notified said C. H. and L. J. McCormick by letter at Chicago *concerning said machine,* and that said C. H. and L. J. McCormick received said letter as aforesaid." If by this allegation it were intended to show want of consideration for the notes, it falls far short of doing so. All that it amounts to is that the defendant put the machine in the possession of a stranger to the contract, and through him demanded a return of the notes. If it were intended by this transaction to rescind the contract, it is also insufficient to show that. No rescission is either declared or requested, but the plaintiffs were simply notified by letter "concerning said machine," but what the notification was we are not informed.

Such being our views of the answer the judgment of the court below must be reversed, the demurrer to the answer sustained, and the cause remanded for further proceedings.

REVERSED AND REMANDED.